**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ROGELIO ORTEGA HERNANDEZ, on behalf of himself and others similarly situated, | : : : : | **CIVIL ACTION NO.  2:15-cv-5091-GJP** |
| Plaintiff | : |  |
| v. | : |  |
| EARTH CARE, INC., SCOTT RISBON, KIM RISBON, | : : |  |
| Defendants | : : |  |

# <u>SETTLEMENT AGREEMENT</u>

NOW COMES Plaintiff Rogelio Ortega Hernandez ("Plaintiff Ortega") and Defendants Earth Care, Inc. ("Earth Care"), Scott Risbon, and Kim Risbon (collectively "Defendants") by and through their respective Counsel and, intending to be legally bound, enter into this Settlement Agreement ("Agreement") and agree as set forth below.

**I.    BASIS FOR AGREEMENT**

1.      Plaintiff Ortega initiated this civil action ("Lawsuit") on August 20, 2015 on behalf of himself and allegedly as a representative of seasonal H-2B employees of Earth Care employed in the years 2011, 2012, 2013, and 2014.

a.      In the Lawsuit Plaintiff Ortega alleged claims under contract and statutory claims under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*., the Pennsylvania Minimum Wage Act ("MWA"), 43 P.S. § 333.104 *et seq*., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

1

b.      The complaint in this action was filed as an alleged representative action under the Pennsylvania Wage Payment and Collection Law and the Fair Labor Standards Act and as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3).

c.      This Agreement is being entered into prior to the filing of an answer to the complaint by the Defendants and prior to any certification of this Lawsuit as a Fed. R. Civ. Proc. 23(b)(3) class action.

2.      Defendants contend that if this case were to be litigated, both class certification under Rule 23 of the Federal Rules of Civil Procedure and collective treatment under the Fair Labor Standards Act would be inappropriate.

3.      Defendants deny any and all liability, allegations of wrongdoing, and/or unlawful conduct, and the Defendants are entering into this Agreement solely to avoid the time and expense associated with further litigation.

4.      Attorneys for Plaintiff Ortega are employed through a Pennsylvania based non-profit legal services organization - Friends of Farmworkers, Inc. ("Friends of Farmworkers").

a.      Pursuant to the terms of this Agreement, Friends of Farmworkers is designated as "Representative Counsel" for the Settlement Class as defined below.

b.      Settlement Class members may, at their sole option, seek advice in relationship to this Agreement at no charge from Representative Counsel.  Alternatively, Settlement Class members may engage their own attorney, or elect to not contact any attorney.

**A. <u>Settlement Class</u>**

5.      For settlement purposes only, the parties agree to a Settlement Class ("Settlement Class") defined as follows: all H-2B workers employed by Earth Care in 2013 and/or 2014.  The parties estimate that there are 94 Settlement Class members.

6.      The following are English language documents which will be translated into Spanish and provided to the Settlement Class members pursuant to the terms herein set forth:

    a.      The "Notice of Collective Action Lawsuit" ("Notice") attached hereto as Exhibit A.

    b.      The "Notice of Intent to Participate in Settlement" form ("Opt-In Form") attached hereto as Exhibit B.

    c.      The "Opt-In to Settlement and General Release Agreement" ("General Release") attached hereto as Exhibit C.

    d.      Notices and forms sent to Settlement Class members who are not reemployed in 2016 at Earth Care will be modified to reflect appropriate contact information and instructions for delivery of the Opt-In Form and General Release to Representative Counsel.

7.      Defendants shall pay the cost to translate each of the aforementioned documents; provided, however, that such cost will not exceed the Expense Cap set forth below.  Counsel for the parties shall select a company to perform the aforementioned translation work.

8.      Settlement Class members who do not timely execute an Opt-in Form and General Release shall not be barred from bringing claims against the Defendants; provided, however, that such claims may be barred, in whole or in part, by the applicable statute of

limitations; and, provided further that there shall only be tolling of the statute of limitations as required by law.

9.      The parties have agreed that Justicia Cruzando Fronteras will be the "Claims Agent" under this Agreement.  The Claims Agent will be compensated by Defendants for reasonable expenses incurred pursuant to this Agreement in a total amount not to exceed $8,250.

10.      If any Settlement Class members bring claims against the Defendants after the expiration of the claims periods set forth herein, Defendants may, at their sole discretion, engage in good faith settlement discussions with said member(s), if any; provided, however, that nothing set forth in this Paragraph shall be construed as a waiver of any defense or right which may be asserted by any of the Defendants.

11.      For the purposes of determining timeliness, documents delivered by Settlement Class members shall be deemed delivered on the date mailed, emailed, or faxed (to the extent such means of delivery is specifically authorized by this Agreement).  All dates set forth herein may be modified upon mutual written agreement of counsel for the parties.

### B.  <u>Retaliation Prohibited</u>

12.      Defendants shall not retaliate against any Settlement Class member because he/she exercised any right(s) under this Agreement.  Defendants will not threaten any adverse employment action against any Settlement Class member because he/she exercises any right(s) under this Agreement.  The parties have agreed on a separate confidential annex to this Agreement relating to this issue which will not be filed with the Court or made public.

### C.  <u>Court Approval of Agreement</u>

13.      The parties hereby consent to the referral of this case for all purposes to the Honorable Magistrate Judge Elizabeth Hey.

a.      The Parties shall jointly file a motion for approval of this Agreement by April 4, 2016.

b.      The parties will jointly request that Judge Hey approve this Agreement as a fair agreement on behalf of members of the Settlement Class.

c.      The Court will retain jurisdiction to enforce the terms of the Agreement.

d.      Upon full and final implementation of all terms of this Agreement, the parties will notify the Court that this matter shall be dismissed as settled and withdrawn with prejudice.

e.      If this Agreement is not approved by the Court, then Plaintiff Ortega and Defendants will return to their respective positions on the day before this Agreement was executed.

## II.     CLAIMS TO BE INCLUDED IN THE AGREEMENT

### A.  <u>Hourly Rates in 2013 and 2014</u>

14.      Settlement Class members who timely execute and submit an Opt-In Form and General Release pursuant to the terms herein shall receive payments: (a) representing the difference between the wages they actually received in 2013 and 2014 (however paid, including but not limited to payments in cash) and the agreed-upon wage rates set forth below; and (b) representing overtime compensation for any hours actually worked in excess of forty in a work week at the agreed-upon overtime rates set forth below.

15.      For purposes of settlement only and without waiver of any defenses which Defendants might otherwise assert, the parties agree to the following minimum wage rates for Settlement Class members: (a) for work performed between January 1,2013 and June 4, 2013, the wage rate is $9.22 per hour and the overtime rate is $13.83 per hour; (b) for work performed

between June 5, 2013 and December 31, 2013, the wage rate is $13.43 per hour and the overtime rate is $20.15 per hour; and (c) for work performed in 2014, the wage rate is $14.04 per hour and the overtime rate is $21.06 per hour

16.    The aforesaid agreed-upon wage rates shall be treated as a required minimum hourly wage and compliance with the payment obligations herein set forth, including but not limited to the obligation to pay overtime rates, shall be calculated on a weekly basis.

17.    Except for the work time compensated in cash and not recorded in Earth Care's payroll records as separately described below, Earth Care's records of hours worked shall be the basis for calculation of hours worked for settlement purposes.

**B. <u>Treatment of Cash Payments for Wages in 2013 and 2014</u>**

18.    Earth Care has identified five (5) Settlement Class members who were paid in cash when performing work on Saturdays at various times in 2013 and 2014.

19.    Each member of this sub-group who timely executes and submits an Opt-In Form and General Release pursuant to the terms herein shall receive payment of the agreed-upon wage rates for 32 hours of work in each applicable year in addition to overtime (i.e., a maximum potential total of 64 work hours for both years) less the amounts of cash payments already received.

**C. <u>State Public Works Prevailing Wages and Multi-Rate Work Weeks</u>**

20.    Earth Care has identified 28 Settlement Class members who would be entitled to receive payments of unpaid overtime wages in 2013 and 2014 for work on state public works project if they timely execute Opt-In Forms and the General Release.

21.     The wages due shall be calculated based on the "blended overtime rate" method based on the number of hours worked at each of the public works projects and the agreed-upon wage rates herein set forth.

**D.  Reimbursement of Pre-employment Expenses**

22.     Each Settlement Class member who timely executes and submits an Opt-In Form and General Release pursuant to the terms herein will receive $440 per year as a reimbursement for pre-employment travel and visa costs in each of the years 2013, 2014 and 2015 that the class member was employed by Earth Care.

**E.  Travel time between the Earth Care shop and work sites**

23.     Any claim for unpaid "travel time" hours, including daily travel to and from project sites and/or time in the shop before and after traveling to the project sites, shall not be the basis for any additional compensation under this Agreement.

**F.  Categorization of payments for tax purposes**

24.     All reimbursements for pre-employment travel and visa expenses shall be treated as employee business expenses for tax purposes, and will not treated as income.

25.     All payments of wages shall be treated as payments of wages and taxable in the calendar year the payments are received.

26.     These wage payments will be subject to income and payroll tax withholdings. Income tax withholdings shall be calculated on an *annualized* payment basis.

27.     Unless updated by a Settlement Class member, Earth Care will calculate income tax withholdings based on the latest information they have on file about the number of dependents claimed by each class member.

28.     Earth Care shall be responsible for the employer tax payments and for timely and appropriate transmission to taxing authorities of any funds withheld from Settlement Class members' wage payments.

### G. Settlement Payments to Plaintiff Ortega

29.     In addition to the payments he is otherwise entitled to under the terms of this Agreement, Plaintiff Ortega shall receive a lump sum payment of $7,500.  For tax purposes, $5,000 of the aforesaid lump sum payment shall be reported on an IRS Form W-2 as wage earnings (subject to applicable deductions) and $2,500 shall be treated travel expenses.

30.     Within 14 days after execution of this Agreement, Earth Care shall provide to Representative Counsel the proposed calculation of amounts of gross wages due to Plaintiff Ortega for 2013 and 2014 and the amounts Earth Care calculates are required to be withheld from gross wages due to Plaintiff Ortega and the basis for that calculation.

31.     Unless Representative Counsel notifies Earth Care's counsel of any disagreement with the calculation by Earth Care of gross wages and net payments due to Plaintiff Ortega, Earth Care's counsel shall pay to the "Friends of Farmworkers Client IOLTA Trust Account" within 21 days of the Court's approval of this Agreement, the total net amount due to Plaintiff Ortega for electronic transmittal to Plaintiff.

32.     Earth Care shall further thereafter promptly remit to Representative Counsel the amount incurred in electronic transmittal to Plaintiff Ortega of this net amount upon notification of the cost of such transfer to Earth Care's counsel.  The amount of this cost shall be subject to the Expense Cap.

33.     Earth Care shall be responsible for the employer tax payments and for timely and appropriate transmission to taxing authorities of any funds withheld from Plaintiff's wage payments

### H.  Disbursement of funds

34.     For each Settlement Class member with a permanent residence in Mexico who is not working at Earth Care during the claims period, payments shall be made by electronic transmittal and not by paper checks issued by a U.S. bank unless instructed otherwise by the class claimant.

35.     Earth Care shall bear the cost of the payment transmittals subject to the Expense Cap below.

## III.    SETTLEMENT NOTICE AND PAYMENT PROCEDURES

### A.  Information To Be Provided To Representative Counsel

36.     Upon execution of the Agreement, Earth Care shall provide to Representative Counsel the following confidential information for each Settlement Class member (which shall be updated on an on-going basis whenever new contact information becomes available to Earth Care):

a.      Full name, date of birth, and permanent and local addresses (to the extent known) for each Settlement Class member.

b.      In which of the years 2013, 2014, and/or 2015 was the individual employed.

c.      Specification for each of the years 2013 and 2014 as to whether the individual performed state prevailing wage work.

9

      d.      Specification as to whether the individual was paid in cash for any work performed in 2013 or 2014.

      e.      Whether the individual is being offered re-employment in 2016 with Earth Care and the anticipated date of re-employment.

37.     For Settlement Class members who are not re-employed in 2016 Earth Care will supply the following additional information to Representative Counsel by October 15, 2016.

      a.      Beginning and ending dates of employment in each of the years 2013, 2014, and 2015 for each Settlement Class member.

      b.      Rates of pay for each period of employment in the years 2013, 2014, and 2015

38.     The information provided to Representative Counsel pursuant to ¶¶ 36 and 37 of this Agreement shall be held in the strictest of confidence by Representative Counsel. Representative Counsel may only disclose information that relates to a particular Settlement Class member to that individual.  Representative Counsel shall not disclose other information to Settlement Class members or summaries of any information.  Information may be shared with the Claims Agent, but the Claims Agent will be subject to the same restrictions on disclosure of that information to others.

39.     Re-employment of H-2B workers employed in prior years is anticipated to occur in April 2016 and Earth Care shall obtain contact information for all re-employed Settlement Class members as set forth below.

      a.      When Settlement Class members are re-employed, Earth Care will request that each of them provide to Earth Care their   local 2016 mailing and physical addresses (if different).

       b.      Re-employed Settlement Class members who have not yet arranged for seasonal housing for 2016 will be asked by Earth Care to update that information when it is obtained and to provide an interim alternate mailing address.

       c.      Earth Care will also obtain permanent Mexican addresses for re-employed Settlement Class members and confirm whether mail sent to such permanent addresses will be delivered or if telephone notification is required for the worker to pick up mail and if so what number should be used for that purpose.  Earth Care will retain the permanent Mexican address and delivery instructions for all 2016 H-2B employees in order to timely transmit annual W-2 tax information.

40.     With respect to Settlement Class members not employed by Earth Care in 2016, Earth Care will ask MAS Labor LLC and the H-2B worker identified in the Confidential Annex to provide any contact information they may have (including addresses, and telephone numbers, email addresses and social media accounts) for members of the Settlement Class who were not re-employed in 2016.  Any such contact information will be promptly supplied to Representative Counsel.

**B.  <u>Notification And Claims Processes For Settlement Class Members Re-Employed By Earth Care In 2016</u>**

41.     Documents and payments related to the claims process shall be distributed to Settlement Class members re-employed by Earth Care in 2016 in accordance with the following procedure.

42.     By the later of May 5, 2016 or the second pay date after reemployment if employment begins later than anticipated,[1] Representative Counsel shall distribute by mail the Spanish language Notice and Opt-In Form together with an enclosed pre-addressed stamped envelope for returning the Opt-In Form to Representative Counsel.  Earth Care shall pay the postage for such mailing and for the pre-addressed stamped return envelopes subject to the Expense Cap below.  The mailing shall include only the specified documents and no other documents or information.

43.     Earth Care shall distribute an additional copy of all of the above documents (including pre-addressed stamped return envelopes) with pay statements on the later of May 5, 2016 or the second pay date after reemployment if 2016 employment begins later than anticipated.  Costs related to the stamped return envelope shall be subject to the Expense Cap. Earth Care shall notify Representative Counsel in writing of the names each Settlement Class member to whom such notices have been given and the date on which such distribution occurred.

44.     Any Settlement Class member electing to participate in the settlement provided by this Agreement shall submit a fully completed and executed Opt-In Form to Representative Counsel by June 15, 2016 (or 40 days after the date initial notice is given if initial notice was delayed).  By June 17, 2016, Representative Counsel shall notify counsel for Earth Care of the persons from whom such Opt-In Forms have been received.

45.     By July 1, 2016, Earth Care shall prepare a proposed calculation of the amount due to each worker who has submitted an Opt-In Form and provide that to Representative

---

[1] In the event that re-employment of 2016 H-2B workers occurs later than anticipated all dates will be calculated from distribution of this notice on the second pay date after H-2B workers begin employment and all other dates on the schedule below will be adjusted by an equivalent number of days.

Counsel together with all documents used in calculation of the claim.  Earth Care shall further advise Representative Counsel of all amounts which will be withheld from gross amounts due for taxes and the basis for such tax withholdings.

46.     Unless Representative Counsel objects to the proposed calculation, Representative Counsel will by July 14, 2016 send to each such person a Spanish language General Release together with a statement prepared by Earth Care as to amounts to be withheld from gross pay and the basis therefore and a pre-addressed stamped return envelope (with postage paid for by Earth Care.  The costs related to this shall be subject to the Expense Cap.

47.     Earth Care shall cooperate in the distribution with weekly pay checks of these General Releases and accompanying documents if asked to do so by Representative Counsel.

48.     By the later of August 15, 2016 or within 30 days after the distribution of the General Release to a 2016 re-employed worker, the worker shall be required to return the General Release form to Representative Counsel, except that workers who notify Representative Counsel prior to that date that the individual needs additional time to determine if the individual will execute the General Release will be allowed 15 additional days for that purpose. Representative Counsel will timely notify Defendants' Counsel when such a request is received.

49.     Representative Counsel shall provide copies of the release forms to Earth Care' counsel following the deadline for receipt of such forms.

50.     By the later of August 26, 2016 or the next pay date ten (10) days after receipt of an executed General Release form, Earth Care shall issue checks directly to each Settlement Class member with copies of the checks provided to Representative Counsel.  If a Settlement Class member has authorized direct deposit procedures for wage payments, direct deposit may be used for distribution of settlement payments.

51.     In the event that any Settlement Class member re-employed in 2016 separates from employment after timely executing and submitting an Opt-In Form and General Release pursuant to the terms herein but prior to payment of that member's claim, Earth Care shall provide the net payment to Representative Counsel and cooperate in the transmission of net settlement amounts to the opt-in class member through Representative Counsel at the expense of Earth Care.  Any such expense will be subject to the Expense Cap.

**C.  <u>Notification And Claims Processes For Settlement Class Members Not Re-Employed By Earth Care In 2016</u>**

52.     The following procedures shall be utilized for Settlement Class members who are not re-employed by Earth Care in 2016.

53.     By on or about May 5, 2016, Representative Counsel shall mail the Spanish language Notice and the Opt-In Form to the last known addresses of such members.

54.     If Earth Care is able to obtain additional contact information for any of the members who are not re-employed in 2016, it will promptly provide that information to Representative Counsel.  If this additional information includes mailing addresses for such individuals who have not yet been in contact with Representative Counsel, Representative Counsel shall then mail the above Notice and Opt-In forms to the newly provided addresses.

55.     Earth Care shall be responsible for the costs of Representative Counsel's telephone carrier charges for calls to and from Settlement Class members not re-employed by Earth Care in 2016. These expenses shall be subject to the Expense Cap below.

56.     Settlement Class members shall complete and execute an Opt-In Form and deliver it to Representative Counsel.  For individuals who were not re-employed in 2016, facsimile, scanned or photographed copies of the Opt-In Form signed by the Opt-In Settlement Class

member may be accepted so long as accompanied by a photograph of the individual with the Opt-In Form or a copy of an identification document for the individual.

57.      Representative Counsel shall forward copies of executed Opt-In forms to Earth Care.  Within 14 days of receipt of a copy of an executed Opt-in Form, Earth Care shall prepare and send to Representative Counsel a proposed calculation of the amount due to the individual together with all documents used in calculation of the claim.  Earth Care shall further advise Representative Counsel of all amounts which will be withheld from gross amounts due for taxes and the basis for such tax withholdings.

58.      Unless Representative Counsel objects to the proposed calculation, Representative Counsel will thereafter send to each such person who has executed an Opt-In Form, a Spanish language "General Release" form modified to reflect appropriate instructions for returning the executed form to Representative Counsel together with a statement prepared by Earth Care as to amounts to be withheld from gross pay and the basis therefore.

59.      Representative Counsel shall be authorized to accept executed General Release forms from such individuals transmitted by facsimile transfer, or electronically scanned or photographed documents transmitted by email or text so long as accompanied by a photograph of the individual and a copy of an identification document for the individual.

60.      Following receipt by Representative Counsel of an individual's General Release, Representative Counsel shall transmit copies thereof to counsel for Earth Care.

61.      Earth Care shall pay to Representative Counsel the net value all claims received from Settlement Class members by electronic ACH or wire transfer to an account designated by Representative Counsel for this purpose.

a.      Payments to Representative Counsel on behalf of each Settlement Class member whose General Release form has been received by Representative Counsel on or before August 30, 2016 shall be transmitted to Representative Counsel by September 12, 2016.

b.      Payments to Representative Counsel on behalf of each Settlement Class member whose General Release form has been received by Representative Counsel on between August 31, 2016 and October 28, 2016 shall be transmitted to Representative Counsel by November 7, 2016.

c.      Payments to Representative Counsel on behalf of each Settlement Class member whose General Release has been received by Representative Counsel on between October 29, 2016 and December 31, 2016 shall be transmitted to Representative Counsel by January 9, 2016.

d.      Payments to Representative Counsel on behalf of each member whose General Release has been received by Representative Counsel on between January 1, 2017 and March 17, 2016 shall be transmitted to Representative Counsel by March 27, 2016.

e.      Payments to the Representative Counsel for any remaining Settlement Class members who have timely submitted General Release forms which are received subsequent to March 17, 2016 shall be made within 14 days after the receipt of such claims subject to the closure of claims period set forth below.

62.     Representative Counsel shall be responsible for the distribution of net (after tax) settlement amounts together with a statement from Earth Care as to the amounts withheld for taxes to all Settlement Class members who are not re-employed by Earth Care in 2016.  Earth

16

Care shall be responsible for the costs of such distributions including electronic transfers to class members.  These payments shall be subject to the Expense Cap below.

63.     After receipt of funds for payment of claims from Earth Care, Representative Counsel shall thereafter transmit the after tax net settlement payments and statements as to taxes withheld to each such Settlement Class member pursuant to instructions and agreements with the Settlement Class member.

**D.  <u>Follow-Up Procedures For Final Notification For Non-Responsive Settlement Class Members Not Re-Employed By Earth Care In 2016</u>**

64.     In November 2016, Representative Counsel shall mail a second copy of the Notice and Opt-In Form to Settlement Class members who have not been in contact with Representative Counsel.  This shall not include addresses for which mail has been returned as non-deliverable.  The cost of postage and printing for this second mailing shall be the responsibility of Earth Care. These payments shall be subject to the Expense Cap below.

65.     In November 2016, Counsel for the parties and the Claims Agent shall review information as to the number of Settlement Class members who have not exercised their right to opt-in to the action.

a.      The Claims Agent in consultation with Representative Counsel and Earth Care shall be responsible for identifying those Settlement Class members who may not have received notice.

b.      Earth Care's counsel shall review with Earth Care whether any additional potential contact information exists.

66.     The Claims Agent shall by December 2016 indicate to Representative Counsel and counsel for Earth Care anticipated costs for direct outreach to locations in Mexico where

Settlement Class members permanently reside to provide in person notice to such Settlement Class members.

    a.    Earth Care shall calculate the value of each claim which remains unresolved as of December 1, 2016 and prepare the Opt-In and General Release forms for those Settlement Class members who have not yet returned their Opt-In Form.

    b.    Copies of those documents shall be provided to the Claims Agent and Representative Counsel.

67.    In the period December 1, 2016 to February 24, 2017, the Claims Agent shall arrange for direct outreach to those locations where Settlement Class members who have not yet claimed are believed to reside.

    a.    During such direct outreach representatives of the Claims Agent shall be authorized to obtain executed Spanish language General Releases and to make arrangements with such opt-in Settlement Class members as to the logistics for transmittal of Settlement payments to those individuals.

    b.    The Claims Agent shall promptly notify counsel for the parties as to any such General Release documents received as a result of direct outreach.

68.    The Claims Agent shall perform the following task:  attempt to deliver the Notice, Opt-In Form, and General Release to Settlement Class members who have not opted in to the settlement by December 1, 2016.

    a.    To perform this function, the Claims Agent may, on or after December 1, 2016, contact Settlement Class members at their Mexico addresses to attempt to determine the contact information for other Settlement Class members.

b.      The Claims Agent may not, in any event, contact Settlement Class members while they are present anywhere in the United States and employed Earth Care.

c.       Nor may the Claims Agent deliver to any Settlement Class member any document other than the Notice, Opt-In Form, and General Release.

d.      The Claims Agent shall not persuade or otherwise induce any Settlement Class member to opt in to the settlement.  The Claims Agent's role is neutral; he/she is simply delivering and collecting documents, and nothing more.

e.      If a Settlement Class member asks the Claims Agent any question about the Settlement Agreement, Lawsuit, Notice, Opt-In Form, and/or General Release, the Claims Agent shall respond by asking the Settlement Class member if he is literate and capable of reading and understanding the documents provided to him.

i.      If the Settlement Class member indicates that he is literate and capable of reading and understanding the documents provided to him, then the Claims Agent shall advise the Settlement Class member that the Claims Agent is neutral and may not respond to any questions or otherwise discuss any questions with the Settlement Class member.

ii.      If, and only if, the Settlement Class member indicates to the Claims Agent that he is not literate and/or not capable of reading and understanding the documents provided to him, the Claims Agent shall offer to read the particular Notice, Opt-In Form, and/or General Release, which the Settlement Class member has asked a question about in its entirety and verbatim, to the Settlement Class member.

iii.     If the Settlement Class member repeats a question about the document which has been read in its entirety to the Settlement Class member and which is specifically addressed in that document, the Claims Agent may re-read the particular section of the document which addresses that question, if any.

iv.     Provided, however, that the Claims Agent shall not offer any opinion, interpretation, or suggestions concerning the aforementioned documents.

f.     The Claims Agent may provide assistance to a Settlement Class member who has indicated that he is illiterate and unable to read and understand the Notice, Opt-In Form, and General Release by transcribing verbatim responses of the Settlement Class member on to the form.  When doing so, the Claims Agent must strictly abide by each and every other provision of this Agreement.  The aforementioned transcription function shall be performed by the Claims Agent only as a last resort, and only when the Settlement Class member has indicated that he would otherwise be incapable of having another person provide assistance with completing the form.  Whenever performing the aforementioned transcription function, the Claims Agent shall prepare and execute a notarized affidavit for each such Settlement Class member indicating full and complete compliance with the terms of this subparagraph, and further indicating that the Claims Agent undertook no action to exert influence on the Settlement Class member's decision to opt in or participate in the litigation.

g.     Provided further that the Claims Agent may not suggest or instruct any Settlement Class member to seek legal counsel from any attorney, including but not limited to Representative Counsel, and if asked questions related to this shall only read in its entirety the text of a document addressing this issue.

20

h.      Provided further that the Claims Agent may not discuss the settle Settlement Agreement, Lawsuit, Notice, Opt-In Form, and/or General Release, with family members and/or others who co-habitat with a Settlement Class member except to leave a copy of the Notice and Opt-In Form at the residence of the Settlement Class member for the Settlement Class member.

69.      Upon transmittal of net funds payable to such individuals Representative Counsel in cooperation with the Claims Agent shall distribute funds.

### E.  Closure of Claims Periods

70.      The period for Settlement Class members not working for Earth Care in 2016 to submit opt-in form shall close on February 28, 2017.

71.       The period for the class members to complete the claims process by submitting the executed General Release form shall close on April 15, 2017, unless transmission is delayed for good cause.

### F.  Claims agent

72.      Earth Care shall pay the Claims Agent an initial retainer fee of $4,000 on November 1, 2016.

a.      The Claims Agent shall be reimbursed at an hourly rate of $60 for work performed pursuant to this Agreement.

b.      The Claims Agent shall be reimbursed for all expenses incurred pursuant to this Agreement.

c.      Earth Care shall advance additional payments on a monthly basis to the Claims Agent as requested by the Claims Agent based on expenses projected in the next 30 days after $4,000 of the initial retainer has been utilized.

d.       Any residual amounts from the initial retainer or subsequent advances by Earth Care shall be reconciled between Earth Care and the Claims Agent within 60 days after April 15, 2017.

e.       Notwithstanding any other provision of this Agreement, the maximum amount which Earth Care shall be responsible for paying to the Claims Agent is $8,250.

73.       The Claims Agent shall share contact information he/she gathers with counsel for the parties; provided, however, that such contact information will be disclosed to Earth Care only if such disclosure is authorized by the party providing such contact information to the Claims Agent.

**G. <u>Attorneys' Fees</u>**

74.       Within 15 days after approval of this Agreement by the Court, Earth Care shall pay $35,000 in attorneys' fees and costs to Class counsel.

75.       The term "Expense Cap" as used in this Agreement shall limit any and all expenses otherwise payable by Earth Care (excluding payments directly to the Claims Agent which are separately capped at $8,250).  Such expenses will not be paid by Earth Care if they exceed the Expense Cap of $5,000.

So Agreed this 4th day of April 2016

**For the Plaintiff:**                                    **For the Defendants:**

By: _____            By: _____

ARTHUR N. READ                              JONATHAN LANDESMAN
STEPHANIE DORENBOSCH                COHEN SEGLIAS PALLAS
FRIENDS OF FARMWORKERS, INC.    GREENHALL & FURMAN, P.C.
699 Ranstead Street, 4th Floor              United Plaza, 19th Floor
Philadelphia, PA 19106                        30 South 17th Street
Telephone: (215) 733-0878                    Philadelphia, PA 19103
                                                            Telephone: (215) 564-1700
        Attorneys for Plaintiff                          Attorneys for Defendants

23

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ROGELIO ORTEGA HERNANDEZ, on behalf of himself and others similarly situated, | : | |
| | : | CIVIL ACTION NO.  2:15-cv-5091-GJP |
| Plaintiff | : | |
| v. | : | |
| EARTH CARE, INC., SCOTT RISBON, KIM RISBON, | : | |
| Defendants | : | |
| | : | |

## SETTLEMENT AGREEMENT

## Exhibit A-1

## Returning Worker Notice

May 5, 2016

**NOTICE OF COLLECTIVE ACTION LAWSUIT**

*Ortega Hernandez v. Earth Care, Inc., Scott Risbon, and Kim Risbon, 2:15-CV-5091-GJP*
United States District Court, Eastern District of Pennsylvania

# This is a notice which contains information about the settlement of a lawsuit that may affect your rights. Please read it carefully, as there is a limited time to exercise these rights.

## I. INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit that has been settled and of the steps you must take if you elect to participate in the settlement. You are not required to participate in the settlement, but you may lose the opportunity to pursue your claims if you choose not to.

## II. DESCRIPTION OF THE LAWSUIT

In August 2015, Rogelio Ortega Hernandez ("Mr. Ortega") started a lawsuit on behalf of himself and other seasonal H-2B employees employed by Earth Care in 2011, 2012, 2013 and 2014, against Earth Care, Inc., Scott Risbon, and Kim Risbon (collectively "Earth Care").

Mr. Ortega and Earth Care have entered into a settlement agreement. This agreement allows H-2B workers who worked at Earth Care in 2013 or 2014 to recover money if they elect to participate in the settlement.

In the lawsuit, Mr. Ortega alleged that Earth Care failed to pay certain wages and reimbursements to H-2B workers. Some of the most important allegations are:

- That Earth Care failed to pay the required H-2B prevailing wage rate of $14.04 per hour in the 2014 season;
- That Earth Care failed to pay the required H-2B prevailing wage rate of $13.43 per hour for part of the 2013 season, beginning on June 5, 2013;
- That Earth Care deducted visa costs and travel expenses from wages; and
- That Earth Care failed to pay the correct overtime rates in some work weeks and for some work performed on Saturdays which was paid for in cash.

Earth Care denies liability and asserts that it has properly paid all employees under all applicable laws, and specifically denies that any of its employees are entitled to additional compensation, overtime, and/or expenses.

The terms of the settlement are described below so that you can decide whether you would like to participate.

### III. <u>NO RETALIATION PERMITTED</u>

If you make a claim under this settlement, Earth Care is prohibited from retaliating against you as a result of your participation. In other words, you will not be punished if you decide to participate in the settlement. The law also prohibits Earth Care from threatening or implying that you will be punished for participating in the settlement. If you believe that you have been retaliated against by Earth Care, you may contact Mr. Ortega's lawyers.

### IV. <u>WHAT HAPPENS IF YOU PARTICIPATE IN THE SETTLEMENT?</u>

If you participate in the settlement, you will be entitled to recover money from Earth Care. Each participating person will be entitled to a different amount, depending on the hours worked in 2013 and 2014 and the wage rates paid in those years.

The actual amount paid will be calculated as follows:

- The difference between the hourly rates you were actually paid and these wage rates:
    - $14.04 per hour worked in 2014.
    - $13.43 per hour worked from June 5, 2013, to the end of the 2013 season, (approximately 26 weeks).
- A flat amount of $440 for visa and travel expenses for <u>each</u> year you worked of 2013, 2014, and 2015.
- If you worked on public works project and worked more than 40 hours in that week during 2013 or 2014, you may also receive some additional overtime wages.
- If you were paid cash wages in 2013 or 2014 for work on Saturday, you may also receive some additional wages.

If you return the attached Opt-In Consent Form described below, you will receive an individual General Release agreement to sign. The General Release agreement will specify what your individual payment would be under the Settlement. If you sign that General Release agreement and timely return it, you will receive your payment in exchange for releasing all claims against Earth Care prior to 2016.

### V. <u>HOW CAN YOU PARTICIPATE?</u>

If you worked at Earth Care with an H-2B visa for any amount of time in 2013 and/or 2014, you may seek to join the lawsuit by completing the attached "Opt-In Consent Form" and returning it to Mr. Ortega's attorneys by mail in the enclosed stamped envelope.

**<u>If you wish to participate you must send the form to Friends of Farmworkers by June 15, 2016</u>.** *If you fail to return the "Opt-In Consent Form" by the <u>June 15, 2016</u> deadline, you will not be able to participate in this settlement and collect the payments described above.*

The attorneys' contact information is:

Mailing address:

| | |
|---|---|
| Friends of Farmworkers | Telephone numbers (se habla español) |
| 699 Ranstead Street, 4th Floor | 215-733-0878 or |
| Philadelphia, PA 19106 | 800-729-1607 |
| | Email: H2B@friendsfw.org |

You may contact attorney Stephanie Dorenbosch or one of the other attorneys at Friends of Farmworkers if you have any questions or desire any additional information about the lawsuit. All conversations will be strictly confidential.

THIS NOTICE HAS BEEN AUTHORIZED BY UNITED STATES DISTRICT JUDGE ELIZABETH HEY OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, BUT THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THIS LAWSUIT.

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROGELIO ORTEGA HERNANDEZ, on behalf of himself and others similarly situated, | : : : **CIVIL ACTION NO.  2:15-cv-5091-GJP** : |
| Plaintiff | : |
| v. | : |
| EARTH CARE, INC., SCOTT RISBON, KIM RISBON, | : : |
| Defendants | : : |

## SETTLEMENT AGREEMENT

## Exhibit A-2

## Non-Returning Worker Notice

[Insert Mailing Date]

## NOTICE OF COLLECTIVE ACTION LAWSUIT

***Ortega Hernandez v. Earth Care, Inc., Scott Risbon, and Kim Risbon, 2:15-CV-5091-GJP***
United States District Court, Eastern District of Pennsylvania

# This is a notice which contains information about the settlement of a lawsuit that may affect your rights. Please read it carefully, as there is a limited time to exercise these rights.

## I. INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit that has been settled and of the steps you must take if you elect to participate in the settlement. You are not required to participate in the settlement, but you may lose the opportunity to pursue your claims if you choose not to.

## II. DESCRIPTION OF THE LAWSUIT

In August 2015, Rogelio Ortega Hernandez ("Mr. Ortega") started a lawsuit on behalf of himself and other seasonal H-2B employees employed by Earth Care in 2011, 2012, 2013 and 2014, against Earth Care, Inc., Scott Risbon, and Kim Risbon (collectively "Earth Care").

Mr. Ortega and Earth Care have entered into a settlement agreement. This agreement allows H-2B workers who worked at Earth Care in 2013 or 2014 to recover money if they elect to participate in the settlement.

In the lawsuit, Mr. Ortega alleged that Earth Care failed to pay certain wages and reimbursements to H-2B workers. Some of the most important allegations are:
- That Earth Care failed to pay the required H-2B prevailing wage rate of $14.04 per hour in the 2014 season;
- That Earth Care failed to pay the required H-2B prevailing wage rate of $13.43 per hour for part of the 2013 season, beginning on June 5, 2013;
- That Earth Care deducted visa costs and travel expenses from wages; and
- That Earth Care failed to pay the correct overtime rates in some work weeks and for some work performed on Saturdays which was paid for in cash.

Earth Care denies liability and asserts that it has properly paid all employees under all applicable laws, and specifically denies that any of its employees are entitled to additional compensation, overtime, and/or expenses.

The terms of the settlement are described below so that you can decide whether you would like to participate.

### III. <u>NO RETALIATION PERMITTED</u>

If you make a claim under this settlement, Earth Care is prohibited from retaliating against you as a result of your participation. In other words, you will not be punished if you decide to participate in the settlement. The law also prohibits Earth Care from threatening or implying that you will be punished for participating in the settlement. If you believe that you have been retaliated against by Earth Care, you may contact Mr. Ortega's lawyers.

### IV. <u>WHAT HAPPENS IF YOU PARTICIPATE IN THE SETTLEMENT?</u>

If you participate in the settlement, you will be entitled to recover money from Earth Care. Each participating person will be entitled to a different amount, depending on the hours worked in 2013 and 2014 and the wage rates paid in those years.

The actual amount paid will be calculated as follows:

- The difference between the hourly rates you were actually paid and these wage rates:
  - $14.04 per hour worked in 2014.
  - $13.43 per hour worked from June 5, 2013, to the end of the 2013 season, (approximately 26 weeks).
- A flat amount of $440 for visa and travel expenses for <u>each</u> year you worked of 2013, 2014, and 2015.
- If you worked on public works project and worked more than 40 hours in that week during 2013 or 2014, you may also receive some additional overtime wages.
- If you were paid cash wages in 2013 or 2014 for work on Saturday, you may also receive some additional wages.

If you return the attached Opt-In Consent Form described below, you will receive an individual General Release agreement to sign. The General Release agreement will specify what your individual payment would be under the Settlement. If you sign that General Release agreement and timely return it, you will receive your payment in exchange for releasing all claims against Earth Care prior to 2016.

### V. <u>HOW CAN YOU PARTICIPATE?</u>

If you worked at Earth Care with an H-2B visa for any amount of time in 2013 and/or 2014, you may seek to join the lawsuit by completing the attached "Opt-In Consent Form" and returning it to Mr. Ortega's attorneys in any of the following ways:

- by mail in the enclosed stamped envelope;
- by fax;
- by email; or
- by texting a photo of the signed form from your cell phone.

If you choose to send the form by fax, email, or texting a photo, **you must also send a copy or photo of your ID <u>or</u> a photo of yourself** for identification purposes. Any government ID with a photograph will be sufficient to confirm your identity.

<u>**You must send the form to Friends of Farmworkers by February 28, 2017.**</u> *If you fail to return the "Opt-In Consent Form" by the February 28, 2017 deadline, you will not be able to participate in this settlement and collect the payments described above.*

The attorneys' contact information is:

| Mailing address: United States | Telephone numbers (se habla español) |
|---|---|
| Friends of Farmworkers<br><br>699 Ranstead Street, 4th Floor<br><br>Philadelphia, PA 19106<br><br><br>Email:  H2B@friendsfw.org | Telephone from United States<br>   215-733-0878 or<br>  800-729-1607<br>     Fax: 215-733-0876<br>Telephone from Mexico:<br>  001-215-733-0878 or<br>  001-800-514-13-49<br>  Fax from Mexico: 001-215-733-0876 |

| Mailing address (Mexico): | |
|---|---|
| Centro de los Derechos del Migrante, Inc.<br>Nuevo León 159, Int. 101<br>Colonia Hipódromo<br>Del. Cuauhtémoc 06100<br>Ciudad de México, D.F. | Telephone numbers (se habla español)<br>  Tel.: 011-52-55-5211-03-07<br>   TF: 01-800-590-17-73<br>Fax Mexico: 011-52-55-5212-23-60 |

You may contact attorney Stephanie Dorenbosch or one of the other attorneys at Friends of Farmworkers if you have any questions or desire any additional information about the lawsuit. All conversations will be strictly confidential.

THIS NOTICE HAS BEEN AUTHORIZED BY UNITED STATES DISTRICT JUDGE ELIZABETH HEY OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA, BUT THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THIS LAWSUIT.

[Note: above contact information subject to revision before sending]

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| | **:** |
| ROGELIO ORTEGA HERNANDEZ, | **:** |
| on behalf of himself and others similarly situated, | **:**      **CIVIL ACTION NO.  2:15-cv-5091-GJP** |
| | **:** |
| Plaintiff | |
| v. | **:** |
| | |
| EARTH CARE, INC., SCOTT RISBON, | **:** |
| KIM RISBON, | |
| | **:** |
| Defendants | |
| | **:** |

## <u>SETTLEMENT AGREEMENT</u>

### <u>Exhibit B-1</u>

### <u>Returning Worker Opt-In Form</u>

## OPT-IN CONSENT FORM

*Ortega Hernandez v. Earth Care, Inc., Scott Risbon, and Kim Risbon, 2:15-CV-5091-GJP*
United States District Court, Eastern District of Pennsylvania

I have read the document entitled "NOTICE OF COLLECTIVE ACTION LAWSUIT" and am returning this document to Friends of Farmworkers to indicate whether I wish to participate in the settlement with Earth Care.

Please select one of the following options:

☐  Yes, I hereby notify Earth Care and Friends of Farmworkers that I wish to participate in the settlement in this action.  I understand that I will be required to execute an additional agreement to receive my payment and that I will then have to release my claims against Earth Care.

☐  No, I do not wish to participate in the settlement of this lawsuit.

**I declare that the foregoing is true and correct and certify that this is my signature below.**

_____          _____
            **Signature**                                    **Date Signed**

Please provide the following information only if you wish to participate:

_____          _____
         **Printed name**                            **Current mailing address**

_____     _____     _____
    **Date of birth**            **U.S. phone number (if any)**     **Mexico phone number**
**(day-month-year)**

**If you have elected to participate in this lawsuit, <u>you must complete and mail this</u> form to Friends of Farmworkers by <u>June 15, 2016</u>. *If you fail to return this form on time, you will not be able to participate in the settlement.***

You may use the enclosed stamped envelope to mail this completed form to:

Friends of Farmworkers
699 Ranstead Street, 4th Floor
Philadelphia, PA 19106

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGELIO ORTEGA HERNANDEZ, on behalf of himself and others similarly situated, | : : : | |
| | | **CIVIL ACTION NO.  2:15-cv-5091-GJP** |
| Plaintiff | : | |
| v. | : | |
| EARTH CARE, INC., SCOTT RISBON, KIM RISBON, | : | |
| Defendants | : : | |

## SETTLEMENT AGREEMENT

## Exhibit B-2

## Non-Returning Worker Opt-in Form

## OPT-IN CONSENT FORM

***Ortega Hernandez v. Earth Care, Inc., Scott Risbon, and Kim Risbon, 2:15-CV-5091-GJP***
United States District Court, Eastern District of Pennsylvania

     I have read the document entitled "NOTICE OF COLLECTIVE ACTION LAWSUIT" and am returning this document to Friends of Farmworkers to indicate whether I wish to participate in the settlement with Earth Care.

     Please select one of the following options:

☐    Yes, I hereby notify Earth Care and Friends of Farmworkers that I wish to participate in the settlement in this action. I understand that I will be required to execute an additional agreement to receive my payment and that I will then have to release my claims against Earth Care.

☐    No, I do not wish to participate in the settlement of this lawsuit.

**I declare that the foregoing is true and correct and certify that this is my signature below.**

_____     _____
        **Signature**                          **Date Signed**

Please provide the following information only if you wish to participate:

_____     _____
       **Printed name**                 **Current mailing address**

_____   _____   _____
    **Date of birth**     **U.S. phone number (if any)**    **Mexico phone number**
 **(day-month-year)**

**If you have elected to participate in this lawsuit, <u>you must complete and return this</u> form to Friends of Farmworkers by <u>February 28, 2017.</u> *If you fail to return this form on time, you will not be able to participate in the settlement.***

Please see the reverse side of this page for instructions on how to send this form to Friends of Farmworkers.

## INSTRUCTIONS FOR OPT-IN CONSENT FORM

***Ortega Hernandez v. Earth Care, Inc., Scott Risbon, and Kim Risbon, 2:15-CV-5091-GJP***
United States District Court, Eastern District of Pennsylvania

**You may return this form to Friends of Farmworkers in any of the following ways:**

- by mail in the enclosed stamped envelope;
- by fax;
- by email; or
- by texting a photo of the signed form from your cell phone.

If you choose to send the form by fax, email, or texting a photo, **you must also send a copy or photo of your ID <u>or</u> a photo of yourself** for identification purposes. Any government ID with a photograph will be sufficient to confirm your identity.

Return this form to:

| **Mailing address: United States** | **Telephone numbers** (se habla español) |
|---|---|
| Friends of Farmworkers<br>699 Ranstead Street, 4th Floor<br>Philadelphia, PA 19106<br><br>Fax: 215-733-0876<br>Fax from Mexico: 001-215-733-0876<br>Email:  H2B@friendsfw.org | Telephone from United States<br>  215-733-0878 or<br>  800-729-1607<br><br><br><br>Telephone from Mexico:<br>  001-215-733-0878 or<br>  001-800-514-13-49 |
| **Mailing address (Mexico):** | |
| Centro de los Derechos del Migrante, Inc.<br>Nuevo León 159, Int. 101<br>Colonia Hipódromo<br>Del. Cuauhtémoc 06100<br>Ciudad de México, D.F.<br><br>Fax Mexico: 011-52-55-5212-23-60 | Telephone numbers (se habla español)<br>  Tel.: 011-52-55-5211-03-07<br>  TF: 01-800-590-17-73 |

[Note: above contact information subject to revision before sending]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROGELIO ORTEGA HERNANDEZ, on behalf of himself and others similarly situated, | : : : **CIVIL ACTION NO.  2:15-cv-5091-GJP** : |
| Plaintiff | : |
| v. | : |
| EARTH CARE, INC., SCOTT RISBON, KIM RISBON, | : : |
| Defendants | : : |

## SETTLEMENT AGREEMENT

## Exhibit C-1

## Returning Worker General Release

## OPT-IN TO SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Opt-In to Settlement and General Release Agreement (the "Agreement") is made and entered into by and among _____ ("Employee") and Earth Care, Inc. ("Earth Care"). Employee and Earth Care are collectively referred to herein as the "Parties."

WHEREAS, Rogelio Ortega Hernandez commenced a lawsuit in the United States District Court for the Eastern District of Pennsylvania, Case No. 15-cv-5091 (the "Lawsuit"), alleging that Earth Care failed to pay all wages due to H-2B workers;

WHEREAS, Employee received a "Notice of Collective Action Lawsuit" and executed and returned a "Notice of Intent to Participate in Settlement"; and

WHEREAS, by executing this Agreement the Employee has consented to participate in the Settlement of this matter and to be bound by its terms.

NOW THEREFORE, intending to be legally bound, knowingly and voluntarily, and in consideration of the promises and payments described in this Agreement, it is hereby agreed as follows:

1.      <u>Settlement Payment</u>. Earth Care shall pay to Employee the total gross sum of XXXXXXXX as follows:

(a) Earth Care shall pay to Employee the gross sum of XXXXXX. Said payment shall be treated as back pay for taxation purposes, shall be subject to all applicable employment taxes and withholdings, and shall be reported on an IRS Form W-2.  Attached is a statement showing applicable amounts to be withheld.

(b) Earth Care shall pay to Employee the gross sum of XXXXXX. Said payment shall be treated as reimbursement of expenses and/or visa costs for years 2013, 2014, and/or 2015, and shall not be reported on an IRS Form W-2.

2.      <u>General Release</u>

(a)      As used herein, the term "Releasees" shall include Earth Care, Scott Risbon, and Kim Risbon and their respective successors, predecessors, alter egos, subsidiaries, parents, affiliates, related companies, owners, employees, agents, shareholders, partners, representatives, attorneys, insurers, officers, board members, assigns, directors, heirs, administrators, executors, related entities, family members, control groups, and affiliates in their individual and/or representative capacities, past and present, individually and collectively. All Releasees other than Earth Care are intended third-party beneficiaries of this Agreement, and shall be entitled to enforce all of the terms of this Agreement.

(b)      In consideration for the payments set forth in Paragraph 1 of this Agreement, consideration for which Employee hereby acknowledges is in addition to anything of value to which Employee may already be entitled, Employee, his heirs, executors, attorneys,

administrators, and assigns, generally and completely remise, release, acquit and forever discharge Releasees from any and all claims, liabilities, demands, causes of action, and attorneys' fees and costs, whether known or unknown, fixed or contingent, suspected or unsuspected, direct or derivative, which Employee had or may have against Releasees, from the beginning of time until December 31, 2015. Without limiting the generality of the foregoing, this general release includes claims under or which could have been alleged in the connection with the Lawsuit; claims relating to the payment of wages and/or overtime under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*., the Pennsylvania Minimum Wage Act ("MWA"), 43 P.S. § 333.104 *et seq*., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981; claims for breach of contract, tort claims, and any other common law claims; claims for discrimination under Title VII, the Americans with Disabilities Act, and/or the Pennsylvania Human Relations Act; claims relating to leave including claims under the Family Medical Leave Act; whistle blower and/or retaliation claims arising under federal or state law; and any and all other claims arising from Employee's employment with Earth Care.

(b)    Employee further agrees and warrants that, other than the Lawsuit, he has not filed any civil actions, lawsuits, complaints, charges or claims for relief or benefits against Earth Care or any of the Releasees with any local, state or federal court or administrative agency, that are currently outstanding.

3.    <u>No Admissions</u>. Employee agrees that this Agreement is not and shall not directly, indirectly, or by implication, be construed to be an admission by Earth Care and/or the Releasees of any wrongdoing, liability, culpability, or any other legal conclusion whatsoever, or any violation of any law, statute, regulation, duty, obligation or contract. The Parties further agree that no party to this Agreement is to be considered the "prevailing" or "successful" party within the meaning of any federal, state or local statute, ordinance, rule or regulation.

5.    <u>Entire Agreement</u>: This document sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings, written or oral, between the parties. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. This Agreement may also be executed by way of facsimile signature and such signature shall be sufficient to bind the party so executing the Agreement.

6.    <u>Miscellaneous</u>.

(a)    This Agreement cannot be altered, modified or otherwise changed except by a writing signed by the Parties.

(b)    This Agreement shall be interpreted and enforced under the laws of the Commonwealth of Pennsylvania. Should this Agreement be in conflict with any federal, state, or local laws, the Agreement will be considered amended or revised to the extent necessary in order to conform to the law. The Parties further agreement that the Honorable Magistrate Judge Elizabeth Hey shall retain exclusive jurisdiction to resolve any disputes arising under and/or related to this Agreement; provided, however, that if Judge Wells is no longer on the bench, such

disputes and/or alleged violations shall be submitted to another judge in the Eastern District of Pennsylvania.

       7.   <u>Acknowledgement.</u> Employee has carefully read this Agreement prior to signing it, fully understands its terms, and signed it voluntarily. Employee understands that he will receive the payments referenced in Paragraph 1 in exchange for signing this Agreement and that he would not have received these payments if he had not signed this Agreement. Employee hereby warrants and represents that he has received all wages and other payments due to him by Earth Care, with the exception of the payments referenced in Paragraph 1 of this Agreement. Employee has been given a period of at least 21 days within which to consider this Agreement and his decision to enter into this Agreement. Employee has been advised that he may seek advice from Friends of Farmworkers (attorneys for Plaintiff  Ortega) or that he may consult any attorney which Employee chooses.

**EMPLOYEE ACKNOWLEDGES AND AGREES THAT HE HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL PROVISIONS OF THIS AGREEMENT AND THAT HE HAS HAD A REASONABLE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH HIS OWN ATTORNEYS, AND THAT HE IS ENTERING INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, AND INTENDING TO BE LEGALLY BOUND.**

    **<u>I declare that the foregoing is true and correct and certify that this is my signature below.</u>**

_____    _____
          **Signature**                          **Date Signed**

Please provide the following information:

_____    _____
      **Printed name**               **Current mailing address**

_____  _____  _____
  **Date of birth**       **U.S. phone number (if any)**    **Mexico phone number**
**(day-month-year)**

**If you wish to participate in this Settlement you must complete and mail this** form to Friends of Farmworkers by <u>August 16, 2016</u>. *If you fail to return this form on time, you may not be eligible to receive settlement payments.*

You may use the enclosed stamped envelope to mail this completed form to:

Friends of Farmworkers
699 Ranstead Street, 4th Floor
Philadelphia, PA 19106
Telephone:  (215) 733-0878

4 of 4

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROGELIO ORTEGA HERNANDEZ,<br>on behalf of himself and others similarly situated, | :<br>:<br>:   **CIVIL ACTION NO.  2:15-cv-5091-GJP**<br>: |
| Plaintiff | : |
| v. | : |
| EARTH CARE, INC., SCOTT RISBON, KIM RISBON, | :<br>: |
| Defendants | :<br>: |

## <u>SETTLEMENT AGREEMENT</u>

### <u>Exhibit C-2</u>

### <u>Non-Returning Worker General Release</u>

## OPT-IN TO SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Opt-In to Settlement and General Release Agreement (the "Agreement") is made and entered into by and among _____ ("Employee") and Earth Care, Inc. ("Earth Care"). Employee and Earth Care are collectively referred to herein as the "Parties."

WHEREAS, Rogelio Ortega Hernandez commenced a lawsuit in the United States District Court for the Eastern District of Pennsylvania, Case No. 15-cv-5091 (the "Lawsuit"), alleging that Earth Care failed to pay all wages due to H-2B workers;

WHEREAS, Employee received a "Notice of Collective Action Lawsuit" and executed and returned a "Notice of Intent to Participate in Settlement"; and

WHEREAS, by executing this Agreement the Employee has consented to participate in the Settlement of this matter and to be bound by its terms.

NOW THEREFORE, intending to be legally bound, knowingly and voluntarily, and in consideration of the promises and payments described in this Agreement, it is hereby agreed as follows:

1.    Settlement Payment. Earth Care shall pay to Employee the total gross sum of XXXXXXXX as follows:

(a) Earth Care shall pay to Employee the gross sum of XXXXXX. Said payment shall be treated as back pay for taxation purposes, shall be subject to all applicable employment taxes and withholdings, and shall be reported on an IRS Form W-2.  Attached is a statement showing applicable amounts to be withheld.

(b) Earth Care shall pay to Employee the gross sum of XXXXXX. Said payment shall be treated as reimbursement of expenses and/or visa costs for years 2013, 2014, and/or 2015, and shall not be reported on an IRS Form W-2.

2.    General Release

(a)    As used herein, the term "Releasees" shall include Earth Care, Scott Risbon, and Kim Risbon and their respective successors, predecessors, alter egos, subsidiaries, parents, affiliates, related companies, owners, employees, agents, shareholders, partners, representatives, attorneys, insurers, officers, board members, assigns, directors, heirs, administrators, executors, related entities, family members, control groups, and affiliates in their individual and/or representative capacities, past and present, individually and collectively. All Releasees other than Earth Care are intended third-party beneficiaries of this Agreement, and shall be entitled to enforce all of the terms of this Agreement.

(b)    In consideration for the payments set forth in Paragraph 1 of this Agreement, consideration for which Employee hereby acknowledges is in addition to anything of value to which Employee may already be entitled, Employee, his heirs, executors, attorneys,

administrators, and assigns, generally and completely remise, release, acquit and forever discharge Releasees from any and all claims, liabilities, demands, causes of action, and attorneys' fees and costs, whether known or unknown, fixed or contingent, suspected or unsuspected, direct or derivative, which Employee had or may have against Releasees, from the beginning of time until December 31, 2015. Without limiting the generality of the foregoing, this general release includes claims under or which could have been alleged in the connection with the Lawsuit; claims relating to the payment of wages and/or overtime under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*., the Pennsylvania Minimum Wage Act ("MWA"), 43 P.S. § 333.104 *et seq*., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981; claims for breach of contract, tort claims, and any other common law claims; claims for discrimination under Title VII, the Americans with Disabilities Act, and/or the Pennsylvania Human Relations Act; claims relating to leave including claims under the Family Medical Leave Act; whistle blower and/or retaliation claims arising under federal or state law; and any and all other claims arising from Employee's employment with Earth Care.

(b)     Employee further agrees and warrants that, other than the Lawsuit, he has not filed any civil actions, lawsuits, complaints, charges or claims for relief or benefits against Earth Care or any of the Releasees with any local, state or federal court or administrative agency, that are currently outstanding.

3.     <u>No Admissions</u>. Employee agrees that this Agreement is not and shall not directly, indirectly, or by implication, be construed to be an admission by Earth Care and/or the Releasees of any wrongdoing, liability, culpability, or any other legal conclusion whatsoever, or any violation of any law, statute, regulation, duty, obligation or contract. The Parties further agree that no party to this Agreement is to be considered the "prevailing" or "successful" party within the meaning of any federal, state or local statute, ordinance, rule or regulation.

5.     <u>Entire Agreement</u>: This document sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings, written or oral, between the parties. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. This Agreement may also be executed by way of facsimile signature and such signature shall be sufficient to bind the party so executing the Agreement.

6.     <u>Miscellaneous</u>.

(a)     This Agreement cannot be altered, modified or otherwise changed except by a writing signed by the Parties.

(b)     This Agreement shall be interpreted and enforced under the laws of the Commonwealth of Pennsylvania. Should this Agreement be in conflict with any federal, state, or local laws, the Agreement will be considered amended or revised to the extent necessary in order to conform to the law. The Parties further agreement that the Honorable Magistrate Judge Elizabeth Hey shall retain exclusive jurisdiction to resolve any disputes arising under and/or related to this Agreement; provided, however, that if Judge Wells is no longer on the bench, such

disputes and/or alleged violations shall be submitted to another judge in the Eastern District of Pennsylvania.

       7.   <u>Acknowledgement.</u> Employee has carefully read this Agreement prior to signing it, fully understands its terms, and signed it voluntarily. Employee understands that he will receive the payments referenced in Paragraph 1 in exchange for signing this Agreement and that he would not have received these payments if he had not signed this Agreement. Employee hereby warrants and represents that he has received all wages and other payments due to him by Earth Care, with the exception of the payments referenced in Paragraph 1 of this Agreement. Employee has been given a period of at least 21 days within which to consider this Agreement and his decision to enter into this Agreement. Employee has been advised that he may seek advice from Friends of Farmworkers (attorneys for Plaintiff Ortega) or that he may consult any attorney which Employee chooses.

**EMPLOYEE ACKNOWLEDGES AND AGREES THAT HE HAS CAREFULLY READ AND FULLY UNDERSTANDS ALL PROVISIONS OF THIS AGREEMENT AND THAT HE HAS HAD A REASONABLE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH HIS OWN ATTORNEYS, AND THAT HE IS ENTERING INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, AND INTENDING TO BE LEGALLY BOUND.**

    **<u>I declare that the foregoing is true and correct and certify that this is my signature below.</u>**

_____    _____
           **Signature**                              **Date Signed**

Please provide the following information:

_____    _____
         **Printed name**                      **Current mailing address**

_____   _____   _____
   **Date of birth**          **U.S. phone number (if any)**       **Mexico phone number**
   **(day-month-year)**

**You must complete and mail this** agreement to Friends of Farmworkers by **April 15, 2017.**
***If you fail to return this form on time, you may not be eligible to receive settlement payments.***

Please see the next page for instructions on how to send this form to Friends of Farmworkers.

**You may return this form to Friends of Farmworkers in any of the following ways:**

- by mail in the enclosed stamped envelope;
- by fax;
- by email; or
- by texting a photo of the signed form from your cell phone.

If you choose to send the form by fax, email, or texting a photo, **you must also send a copy or photo of your ID AND a photo of yourself** for identification purposes. Any government ID with a photograph will be sufficient to confirm your identity.

Return this form to:

| **Mailing address: United States** | **Telephone numbers** (se habla español) |
|---|---|
| Friends of Farmworkers<br>699 Ranstead Street, 4th Floor<br>Philadelphia, PA 19106<br><br>Fax: 215-733-0876<br>Fax from Mexico: 001-215-733-0876<br>Email:  H2B@friendsfw.org | Telephone from United States<br>  215-733-0878 or<br>  800-729-1607<br><br><br><br>Telephone from Mexico:<br>  001-215-733-0878 or<br>  001-800-514-13-49 |
| **Mailing address (Mexico):** | |
| Centro de los Derechos del Migrante, Inc.<br>Nuevo León 159, Int. 101<br>Colonia Hipódromo<br>Del. Cuauhtémoc 06100<br>Ciudad de México, D.F.<br><br>Fax Mexico: 011-52-55-5212-23-60 | Telephone numbers (se habla español)<br>  Tel.: 011-52-55-5211-03-07<br>  TF: 01-800-590-17-73 |

[Note: above contact information subject to revision before sending]