IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROGELIO ORTEGA HERNANDEZ, | : | CIVIL ACTION |
| on behalf of himself and others | : | |
| similarly situated | : | |
| | : | |
| v. | : | |
| | : | |
| EARTH CARE, INC., SCOTT RISBON, | : | |
| and KIM RISBON | : | NO. 15-5091 |

### MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                April 13, 2016

The parties in this Fair Labor Standards Act ("FLSA") collective action have filed a joint motion to approve their settlement agreement. Considering the stage of the proceedings, final approval is premature. I will construe the motion as one to conditionally certify the collective action and settlement class and to preliminarily approve the settlement agreement and related documentation. For the reasons that follow, I will grant conditional certification and preliminary approval of the settlement agreement.

### I.   PROCEDURAL HISTORY

Mr. Ortega has brought this action on behalf of himself and other similarly situated seasonal landscape laborers from Mexico who were employed by Earth Care, Inc. ("Earth Care") from 2010 through 2014. Doc. 9 ¶¶ 2, 14, 24. Defendants recruited and hired Plaintiffs pursuant to the requirements of the federal H-2B visa program, which permits United States employers to recruit foreign workers to fill unskilled, non-agricultural positions when the employer demonstrates a shortage of available American

workers.  Id. ¶ 2.  Mr. Ortega alleges that Defendants failed to pay the H-2B workers the wage rates required by the H-2B program.  Id. ¶ 4.  Defendants dispute the class allegations and deny having violated wage laws.  Doc. 24-1 ¶ 3.

Very early in the litigation, the parties began settlement discussions and came to an agreement prior to the filing of an answer to the complaint and prior to any certification proceedings.  Doc. 24-1 ¶ 1(c).  Upon referral from the Honorable Gerald J. Pappert, I oversaw some of these discussions, although most of the settlement discussions took place without my involvement.  After finalizing their agreement, the parties consented to magistrate judge jurisdiction and asked Judge Pappert to refer the entire matter to me, which he did.  Docs. 25 & 26.  The parties have now filed their motion seeking court approval of their settlement, and have attached the agreement and associated forms.  Doc. 24.

## II. DISCUSSION

### A. Conditional Certification of Collective Action and Settlement Class

The parties agree that, for purposes of the settlement of the case, Mr. Ortega is proceeding with a collective action.  Doc. 24-1 ¶¶ 5 & 6.  A collective action under the FLSA "may be maintained . . . by any one or more employees for and in behalf of themselves and other employees similarly situated."  29 U.S.C. § 216(b).  To join the litigation, members of the collective must affirmatively "opt in."  Id.

To have a collective action under the FLSA certified, "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected

other employees." Leap v. Yoshida, Civ. No. 14-3650, 2015 WL 619908, at *4 (E.D. Pa. Feb. 12, 2015) (quoting Symcyk v. Genesis HealthCare Corp., 656 F.3d 1889, 193 (3d Cir. 2011)).  Courts in this circuit follow a two-step process to determine whether an action may proceed as a collective action under the FLSA.  Amadi v. Cardo Windows, Inc., 299 F.R.D. 68, 78 (D.N.J. 2014)) (citing Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 243 (3d Cir. 2013); Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 535 (3d Cir. 2012)).  The first step, or conditional certification, is commonly called the notice stage and "is not really a certification, but 'the district court's exercise of [its] discretionary power to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under [the] FLSA.'"  Amadi, 299 F.R.D. at 78 (quoting Zavala, 691 F.3d at 536).  During this first step, the court "determines whether similar situated plaintiffs do in fact exist," and during the second step, the court determines "whether the plaintiffs who have opted in are in fact similar situated to the named plaintiffs."  Zavala, 691 F.3d at 536 & n.4 (quoting Myers v. Hertz Co., 624 F.3d 537, 555 (2d Cir. 2010)).  At this stage, the "court conducts a preliminary inquiry into whether the plaintiff's proposed members were collectively 'the victims of a single decision, policy, or plan . . . .'"  Leap, 2015 WL 619908, at 4 (quoting Ruehl v. Viacom, Inc., 500 F.3d 375, 388 (3d Cir. 2007)).

  Based on the allegations in the Amended Complaint and those outlined in the proposed settlement agreement, I conclude that preliminary certification of the collective action is appropriate.  The 94 individuals in the proposed collective action/settlement class are similarly situated.  Each of the class members was a seasonal H-2b employee of

Earth Care in 2013 and/or 2014. Doc. 24-1 ¶ 5.[1] Based on the allegations, all were paid less than the minimum wage required by the H2-B visa program. Id. ¶ 4. The proposed settlement calls for payment of any shortfall for each worker. Although the amount of the shortfall may not be the same for each worker, the calculation of the shortfall is identical for each. Doc. 24-1 ¶¶ 14-17.[2] The proposed agreement also provides for the payment of $440 per year for each of the class members as a reimbursement for travel and visa costs for each year (2013, 2014, and 2015) the worker was employed by Earth Care. Id, ¶ 22. Under the circumstances, I conclude that Plaintiff has established that the proposed members of the collective action/settlement class are similarly situated and I will grant conditional certification of the collective action.

    **B.**    **Preliminary Approval of the Settlement Agreement and Related Documents**

The parties have also sought approval of their settlement agreement. At this stage, I will preliminarily approve the settlement agreement. "The purpose of having a preliminary stage is to ensure that there are no obvious deficiencies in the settlement that would preclude final approval." Singleton v. First Student Mgmt LLC, Civ. No. 13-

---

[1] In the Amended Complaint, the class was defined more broadly to include the seasonal H-2B workers employed by Earth Care at any time in 2011 through 2014. Doc. 9 ¶¶ 1, 2.

[2] The proposed settlement agreement also provides for a similar calculation for five workers who also received cash payments for work performed in 2013 and/or 2014. Doc. 24-1 ¶¶ 18-19. The agreement also provides the method for calculating overtime for public works projects for 28 settlement class members. Id. ¶¶ 20-21.

1744, 2014 WL 3865853, at *5 (D.N.J. Aug. 6, 2014) (citing Jones v. Commerce Bancorp, Inc., Civ. No. 05-5600, 2007 WL 2085357, at *2 (D.N.J. July 16, 2007)).

At this stage, without any idea of the number of Plaintiffs who will opt in, final approval is premature. However, I will use the guidelines governing final approval to assess the reasonableness of the agreement at this stage in an effort to "identify any potential issues that could impede the offer's completion." Singleton, 2014 WL 3865853, at *5. In determining if a settlement is reasonable at the final stage, the court must consider

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Brumley v. Camin Cargo Control, Inc., Civ. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *4-5 (D.N.J. Mar. 26, 2012) (quoting Girsh v. Jepson, 521 F.2d 153, 157-58 (3d Cir. 1975)).

After considering these factors at this stage of the litigation, I conclude that the settlement is fair to the workers and a reasonable compromise of their claims. After minimal discovery, both sides recognized the benefits of compromise in this case which involves 94 seasonal workers from Mexico. Counsel recognized that they faced both geographical and communications hurdles, and that the discovery process would be long,

involved, and costly.  I oversaw some of the settlement discussions, which encompassed many hours of negotiation in my courtroom and on the telephone and significantly more time by counsel working out details without my direct oversight.  The settlement was reached after arm's-length negotiations, at times heated, concerning claims and defenses respecting the 94 proposed Plaintiffs.  The parties have worked out numerous challenging issues including details of the notice and opt-in forms (for both those who return to Earth Care and those that do not, the latter of which might be difficult to locate), and a timeline for notice, opting in, and payment, and have also accounted for translation and taxation.  The agreement provides for payment of all unpaid minimum wages and overtime, Doc. 24-1 ¶¶ 14-17, 20-21, and the reimbursement of $440 per year per worker for pre-employment travel and visa costs.  Id. ¶ 22.[3]  The parties have agreed that, except for the work time compensated in cash, Earth Care's payroll records shall provide the basis for the calculation of monies owed.  Doc. 24-1 ¶ 17.  Based on my review of the pleadings and the motion, the agreement is the most expeditious, efficient, and fair means of resolving the claims.

At this point, it is difficult to assess some of the Girsh factors.  Specifically, without knowing the number of opt-in plaintiffs, the court cannot determine the reaction of the class to the settlement.  Similarly, the parties have not provided any information regarding the Earth Care's ability to withstand a greater judgment.  Finally, I am unable to determine the reasonableness of the attorneys' fees ($35,000) and incentive payment

---

[3]There is a separate provision for five employees who received cash payments for wages.  Doc. 24-1 ¶¶ 18-19.

($7,500) without having any estimate regarding the value of the settlement. In seeking final approval, counsel shall provide financial information to support these figures based on the amount of projected payments.

I approve the notices of the lawsuit and proposed settlement, the consent forms, and the proposed releases which are attached to the proposed settlement agreement.[4] In the agreement, the parties have set forth the ways in which they will notify or attempt to notify all of the potential members of the collective action, Doc. 24-1 ¶¶ 36-69, including the appointment of a Claims Agent to provide direct outreach to locations in Mexico where settlement class members permanently reside in order to effectuate notice and distribute settlement funds. Doc. 24-1 ¶¶ 9, 64-69. Considering the geographical and communications difficulties that may arise in effectuating notice, counsel have agreed to an efficient and economical means of notice.

### C.     Final Approval

Having granted preliminary approval, it is necessary to determine the appropriate time for the parties to seek final approval. The notice and opt-in periods are staggered, beginning with class members who are working the 2016 season at Earth Care, followed by notice to the rest of the class, who are likely either in Mexico or working elsewhere in

---

[4]Each of the proposed notices contains a typographical error identifying the undersigned as a United States District Judge rather than a United States Magistrate Judge. See Doc. 24-1 at 27, 31. In addition, any reference to the Civil Action number should be 2:15-cv-5091, omitting the initials of the assigned judge as those have now changed because the case has been referred to me for all further proceedings. Additionally, the reference to Judge Wells in paragraph 6(b) of the Opt-In To Settlement and General Release Agreement forms is incorrect. Counsel shall make these changes prior to distributing the documents.

the United States. In view of the fact that the Earth Care workers will be the most likely to receive and act promptly on the notice, their responses will allow the parties to provide an estimate of the ultimate number of opt-in plaintiffs, and therefore I will allow the parties to seek final certification following the first opt-in period. Therefore, once Representative Counsel has obtained the opt-in forms from the members of the collective action who have been re-employed by Earth Care, the parties may file a motion for final certification and approval of the settlement agreement, addressing the factors relevant for the court's consideration to assess the fairness of the settlement and the propriety of the incentive payment and attorneys' fees.

## III. CONCLUSION

It is premature at this point to certify the proposed settlement class and approve the settlement agreement. Therefore, I have construed the parties' motion as one to conditionally certify the collective action and settlement class and preliminarily approve the settlement agreement and related documentation. Because I find at this stage in the litigation that the members of the proposed settlement class are similarly situated, I will conditionally certify the collective action and settlement class. Additionally, because I conclude that the settlement is fair and reasonable, I will preliminarily approve the settlement.

Once the period for submitting opt-in forms by the members who return to work for Earth Care has expired, the parties may seek final certification and approval. In doing so, counsel shall specifically address the relevant factors cited in this memorandum.

An appropriate Order follows.